### DELLAPIA v. AMERICAN ICE CO.

(Supreme Court, Appellate Term. November 10, 1905.)

TRIAL—INSTRUCTIONS—EVIDENCE TO SUSTAIN.

    In an action for personal injuries, a charge that negligence on plaintiff's part would preclude a recovery, unless defendant was "guilty of such gross negligence as to imply willful or wanton injury," was erroneous and prejudicial, where there was evidence of culpable carelessness on plaintiff's part, and there was no evidence of gross negligence, such as to imply willfulness or wantonness, on defendant's part.

    Fitzgerald, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Frank Dellapia, an infant, against the American Ice Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Palmer & Adams (Beno B. Gattell, of counsel), for appellant.
Rosario Maggio, for respondent.

SCOTT, P. J. I am strongly inclined to think that the plaintiff not only failed to sustain the burden of showing that he was himself free from negligence contributing to the accident, but, on the other hand, affirmatively showed that he failed to exercise even the most ordinary care to prevent injury. However that may be, I am of opinion that the court committed a grave error in charging the jury that negligence on the part of the plaintiff would preclude a recovery, "unless the jury further believe that the defendant was guilty of such gross negligence as to imply willful or wanton injury." This charge amounted to an explicit intimation to the jury that there was evidence in the

case which would justify a finding of such gross negligence as the justice described. There was no such evidence, and consequently the jury were charged that in effect they might find a fact without any evidence to sustain it. How is it possible to say that this erroneous instruction, under the circumstances of the case, did not prejudice the defendant? The jury were charged that if the defendant was guilty of only ordinary negligence, and the plaintiff was also guilty of negligence, the plaintiff could not recover; but, on the other hand, if defendant was guilty of gross negligence, implying, in the opinion of the jury, willful or wanton injury, it would make no matter whether or not the plaintiff had been guilty of contributory negligence. In view of the strong evidence, contained in the plaintiff's own testimony, that he had been culpably careless, it seems to me impossible to say that the jury may not have founded their verdict upon some supposed gross negligence on defendant's part, ignoring any question as to plaintiff's contributory negligence. The sentence quoted from the charge seems to me to have amounted to a direct invitation to adopt this view.

I also consider that the verdict was grossly excessive. The boy's injuries directly resulting from the accident were very slight; the only result which could in any sense be considered serious having obviously resulted from lack of reasonable care after he was hurt. Besides, he and his mother clearly testified falsely as to the length of time during which he was confined to the house.

In my opinion the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

BISCHOFF, J., concurs. FITZGERALD, J., dissents.